## Lyons *v.* Lyons.     Simpson's Appeal.

*Partnership—Attachment execution—Equity.*

Where a complainant and defendant in a bill for a partnership accounting are found in fact to be partners as between themselves, and both complainant and defendant have been summoned as garnishees in an attachment execution issued under a judgment against complainant's son on the theory that the son and not the complainant was the partner of the defendant, a decree for an account against the defendant will be sustained, but no final decree for payment will be entered until the attachments have been finally determined. In such a case the fact that the defendant gave the in-

formation upon which the attachment was issued against complainant does not take away his right to be relieved from double liability.

Argued Jan. 14, 1901. Appeal, No. 293, Jan. T., 1900, by defendant, from decree of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 498, dismissing exceptions to adjudication in case of Elizabeth J. Lyons *v.* J. Harry Lyons and Samuel Simpson. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an account.

Bregy, J., filed the following opinion:

I find the facts to be:

1. At the time of the failure of the Keen-Sutterle Company, a corporation of the state of New York, in January, 1896, the defendant J. Harry Lyons was its secretary and principal clerk, largely assisting in the management of its business and familiar therewith and with its customers.

2. The said J. Harry Lyons, having become guarantor of some commercial paper of one of the creditors of said company, the risk of his being obliged ultimately to pay the same or part thereof, precluded him from going into business on his own account, and he was compelled to utilize his abilities and experience in employment by others upon a salary.

3. In consequence thereof, upon the said failure, the plaintiff, being the mother of the defendant J. Harry Lyons formed a partnership with the defendant Samuel Simpson, trading as Samuel Simpson & Company, wherein the plaintiff and the said Samuel Simpson were to be and were interested in equal shares for the purpose of carrying on the same business of importing and selling goat skins and other merchandise at No. 429 North Third street, Philadelphia, and in which partnership the defendant J. Harry Lyons was to be and he was employed by the firm as agent and manager of the said business upon a salary.

4. The said partnership terminated, and the defendant J. Harry Lyons retired from the management of the firm about March 18, 1899, when it had accumulated a large amount of undivided profits. A short time previous thereto the defendant Samuel Simpson had begun to set up that the defendant J. Harry Lyons and not the plaintiff, was the person entitled

to said one half of the profits of the said business, always admitting, however, that he, the defendant Samuel Simpson, was entitled to only one half part thereof, and refused to furnish the plaintiff or the said J. Harry Lyons on account of the said business, or permit them to have access to the books thereof, or to pay either of them any moneys on account thereof, although he had a large amount of said profits in cash in bank.

5. That the defendant Samuel Simpson caused the Importers and Traders' National Bank of New York, who subsequently had obtained a judgment against the defendant J. Harry Lyons, to issue thereon an attachment execution against the plaintiff as garnishee, to enable him, the said Samuel Simpson, to longer retain said moneys.*

### CONCLUSION OF LAW.

As a consequence of the foregoing findings of fact, it follows that the plaintiff is by law entitled to an account, and the following decree is made:

And now, to wit: May 22, 1900, it is ordered, adjudged and decreed as follows, to wit:

That the plaintiff Elizabeth J. Lyons was a partner with Samuel Simpson in the business mentioned in the said bill, carried on by Samuel Simpson & Company in Philadelphia, from February 14, 1896, to March 18, 1899, and was by virtue thereof entitled to one half of the net profits of that business, and that the plaintiff is entitled to an account of all the said partnership dealings and transactions between them, and to payment of what shall appear to be due her upon that account.

And it is further ordered, adjudged and decreed that it be referred to Benjamin Daniels, Esq., Master, to take an account of all the said partnership dealings and transactions between the plaintiff and the defendant Samuel Simpson, from February 14, 1896, to March 18, 1899, inclusive, and that what upon taking the said accounts shall appear to be due from either of the said parties to the other, be paid by the party from whom to the party to whom the same shall be certified to be due.

*Error assigned* was the decree of the court.

---

* It appeared from the record that the defendant had also been summoned as garnishee in an attachment against J. Harry Lyons.

*John G. Johnson*, with him *Emil Rosenberger*, for appellant.—The court erred in finding that a partnership had ever existed between Samuel Simpson and Elizabeth J. Lyons.

There was not sufficient evidence that Simpson had caused the attachment under the Importers' and Traders' National Bank judgment to be issued against Elizabeth J. Lyons, as garnishee, for any purpose whatever, and, even though there was sufficient evidence to justify the finding of the court in this particular, Simpson was not thereby deprived of his right to have the right to the fund held by him as stakeholder determined, only when all necessary parties were before the court: Mount Holly Turnpike, etc., Co. v. Ferree, 17 N. J. Eq. 120; Shaw v. Coster, 8 Paige, 339.

The court erred in deciding that the fund in the hands of Simpson was a partnership fund, and not one in which J. Harry Lyons was interested, because of the absence of a party in interest, viz: the attaching creditor, and in thus subjecting Simpson to the peril of two decrees for payment of the same fund, to two different parties: Adams's Equity, *317.

*George L. Crawford*, of *Crawford & Loughlin*.—The plaintiff cannot sustain a bill of interpleader where he is obliged to admit as to either of the defendants he is a wrongdoer. Nor can the plaintiff have relief where it appears that the double claim has been caused by his own misconduct: 2 Daniell's Chancery Pleading & Practice, *1567; Hatfield v. McWhorter, 40 Ga. 269; Shaw v. Coster, 8 Paige, 339; Turnpike Co. v. Ferree, 17 N. J. Eq. 120; Dodge v. Lawson, 22 N. Y. Civil Proc. Rep. 112.

OPINION BY MR. JUSTICE MITCHELL, May 6, 1901:

The learned judge below found the fact of a partnership between plaintiff and the defendant Simpson under the name of Samuel Simpson & Company. There was testimony on which such finding was based, and we have not been convinced that we should reverse it. But it was a finding of a partnership as between the parties, and it by no means follows that a partnership was established as against creditors. The complainant's son, J. Harry Lyons was burdened with debts from previous business operations which prevented his engaging in

business in his own name. The arrangement with defendant whatever it was, was intended to secure to J. Harry Lyons all the benefits of a partnership without its liabilities to his creditors. Whether it was legally valid for that purpose as against such creditors, could only be determined by proceedings to which the creditors were parties. The decree therefore in the suit between plaintiff and defendant that the arrangement was valid and that appellant was answerable as partner to complainant, was not an adjudication as against the attaching creditor, and if the latter should be successful in his suit appellant would be compelled to pay twice. From this risk he has a right to be protected, and the fact that the attachment was based on information given by him did not take away that right. If his belief that J. Harry Lyons and not the complainant was his partner was in good faith, and it is not found to the contrary, then he owed no duty to complainant which made his act one of bad faith, however unfriendly, and it could not deprive him of his right to protection against an attaching creditor with a valid claim.

The decree for an account is affirmed, but is modified so that there shall be no final decree for payment of any balance found due by appellant until the attachments now pending against him as garnishee shall have been finally determined, and in case the plaintiff, after due notice shall neglect or refuse to appear in such attachment proceedings and defend her title, and there shall be a recovery against the appellant, then with leave to the appellant to apply to the court to open the decree and relieve him against any double liability in such manner as equity may require.