## Lyons v. Lyons, Appellant.

| 207 | 7 |
| e209 | 142 |
| 207 | 7 |
| e214 | 431 |

*Partnership—Liability of partners to each other—Negligence.*

A partner can only be held liable to his copartners for a loss upon proof that he has been culpably negligent. Even if a loss sustained by a firm is imputed to the conduct of one partner more than to that of another, still, if the former acted bona fide with a view to the benefit of the firm, and without culpable negligence, the loss must be borne equally by all.

A liquidating partner cannot be surcharged with a debt due to the firm at the time of its dissolution where there is evidence that at the time of the dissolution and thereafter the debtor was insolvent, and there is no evidence to show that the debt could have been collected by legal process, and it does not appear that the person claiming the surcharge made any request for the institution of the suit, or for the appointment of a receiver.

Where a liquidating partner has been summoned in attachment pro-

ceedings against his fellow partner, he should not be required to pay over to his former partner any sums of money until the attachments are determined, or he has been protected by a satisfactory bond of indemnity.

Argued March 26, 1903. Appeal, No. 73, Jan. T., 1903, by defendant, from decree of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 498, dismissing exceptions to the master's report in case of Elizabeth J. Lyons v. J. Harry Lyons and Samuel Simpson. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Decree modified.

Bill in equity for an account.

The complainant averred that in February, 1896, she entered into partnership with Samuel Simpson for the purpose of carrying on, under the name of Samuel Simpson & Company, the business of importing and selling goat skins and other merchandise in Philadelphia, and that her son, J. Harry Lyons, was to be employed by the firm as agent and manager of the business ; that the partnership terminated on March 18, 1899, by J. Harry Lyons retiring from the management of the firm ; that Simpson claimed that J. Harry Lyons, and not the complainant, was the person entitled to one-half of the profits of the business ; that he had refused to account, and that he had caused certain attachments to be issued by the Importers' and Traders' National Bank of New York against J. Harry Lyons, which had been served upon him. She prayed an account and a decree in her favor for the amount which should be found to be due.

Defendant admitted in his answer that in February, 1896, he had entered into business under the name of Samuel Simpson & Company, and that J. Harry Lyons was to be the general manager thereof, his compensation to be one half of the net proceeds of the business. He denied any partnership with the complainant. He averred that he had been served as garnishee with writs of attachment sur judgment in a case of the Importers' and Traders' National Bank of New York against J. Harry Lyons, the amount of the judgment being $57,375.77 ; that he had endeavored to procure an intervention in said proceedings by the complainant, but had failed in inducing her thus to intervene.

The material facts are stated in the opinion of the Supreme Court.

The court dismissed exceptions to the master's report, and entered a decree against defendant for $35,024.69. Defendant appealed.

*Errors assigned* were in dismissing exceptions to master's report and entering decree as above.

*John G. Johnson,* with him *Emil Rosenberger,* for appellant.— The master does not find facts sufficient, and there were no such facts to be found, to justify the surcharge of Simpson with one half of the Duncan debt not collected.

Simpson is entitled in the decree to be indemnified against loss by reason of the pending proceedings under the Importers' and Traders' National Bank of New York's attachment execution.

*George L. Crawford,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 9, 1903:

Elizabeth J. Lyons filed a bill against J. Harry Lyons and Samuel Simpson alleging partnership, between herself and the defendant, Simpson. The court below found that there was a partnership and ordered an accounting, and on appeal the decree was affirmed by this court in Lyons v. Lyons, 199 Pa. 302. The case was referred to Benjamin Daniels, Esq., as master to state an account, and the present appeal is taken from the decree of the court below, dismissing exceptions to the report of the master, who found a balance of $35,024.69 with costs to be due by the defendant Simpson to complainant.

The main question raised by the appeal is whether the master was in error in charging against the defendant one half of a claim against Duncan & Company which had not been collected. The facts in regard to the Duncan claim as gleaned from the report of the master are as follows:

The firm of A. L. P. Duncan & Company were manufacturers of glazed kid, and purchased nearly all their skins from Samuel Simpson & Company. The firm consisted solely of Ada L. P. Duncan, who was the wife of John A. Duncan. The latter had failed in business, and was unable to do business in his own name. He acted as manager for his wife, continu-

ing the same business after his failure. The firm was practically without credit, but effected an arrangement with J. Harry Lyons, who was then manager for Samuel Simpson & Company, to furnish them with skins.

When the latter firm was dissolved March 18, 1899, Duncan & Company was indebted to them in the sum of $21,884.79, and had also given drafts and notes amounting to $5,338.85, upon which Simpson & Company were indorsers, and which had not yet matured. After the dissolution of his firm, Samuel Simpson, the defendant, continued to supply goods to Duncan & Company, but credited the payments made by them upon account of the goods so furnished.

No part of the indebtedness which existed March 18, 1899, has been paid except by dividends from Duncan's bankrupt estate. The notes and drafts, however, amounting to $5,338.85 were paid in full by Duncan when they became due. On December 23, 1899, Duncan gave Simpson a judgment note for $5,200 in payment of a balance on a new account, and on May 30, 1900, judgment was entered upon this note and execution issued. Thereupon Mrs. Duncan filed her petition of involuntary bankruptcy.

The only evidence offered to establish ability on the part of Duncan to pay the indebtedness to Simpson & Company was a statement made by Duncan to Simpson about July 1, 1899, which showed assets in excess of liabilities to the amount of $5,915.62, but this statement was shown to be erroneous in several important particulars, and when corrected, it indicates that Duncan & Company were then insolvent.

Upon the facts thus shown, we do not see that it would have been possible for Simpson to have collected the debt from Duncan & Company had he begun proceedings against them at any time after March 18, 1899. Any such attempt upon his part would probably have had the same result as the effort made a year later, when Mrs. Duncan took advantage of the bankruptcy law. As it was, through the good management of Simpson, the indebtedness of Duncan & Company was reduced by the payment of their notes in the sum of $5,338.85, and Mrs. Lyons was benefited to that extent. Simpson was equally interested with her in the collection of the debt, and his own interest would certainly prompt him to secure it if possible.

We see no fair reason to criticise his business management. He can only be held liable for the loss, if any, upon proof that he has been culpably negligent. " Even if a loss sustained by a firm is imputed to the conduct of one partner more than to that of another, still, if the former acted bona fide with a view to the benefit of the firm, and without culpable negligence, the loss must be borne equally by all:" Lindley on Partnership, * 368.

In a New Hampshire case (cited as authority on another point by Mr. Justice SHARSWOOD in Gyger's Appeal, 62 Pa. 73), it was sought to charge a partner on settlement of the partnership accounts, with sums due the firm from several debtors, which he had not collected. The court said: " We have found no authority that will justify the court in charging the plaintiff with these demands (as if he had collected them) by reason of his neglect, and without an authority we are not prepared to adopt the principle. The defendant (the other partner) might also have instituted suits for their collection ; and if the plaintiff had then released them, or withheld the evidence, perhaps that would have been sufficient. A release would have been good evidence that he had received the amount. A receiver might have been appointed to collect the demands : " Hollister v. Barkley, 11 N. H. 501, 511.

In the present case if the claim against Duncan & Company was at any time collectible, Mrs. Lyons had a right to institute suit in the firm name, or she might have asked for the appointment of a receiver. She did neither, nor did she in so far as the evidence shows, even request Simpson to bring suit. As this indebtedness existed while J. Harry Lyons was still managing the business, and no attempt to collect it was made by him, or his mother, it is fair to presume that in their judgment, the loss could not have been avoided at that time by adverse proceedings against Duncan & Company. The evidence of negligence on the part of Simpson in the collection of the Duncan claim was insufficient to warrant the master in charging him with any portion of the amount. If there was any evidence of negligence upon his part, it was certainly not sufficient to show what portion, if any, of the claim was lost through the negligence of Simpson. It was a mere conjecture upon the part of the master that the loss was fifty per cent of the entire amount.

When the case was here before, upon an appeal from the interlocutory decree, it was ordered that there should be no final decree for the payment of the balance found due by Simpson until the attachment then pending against him as garnishee of J. Harry Lyons had been finally determined. We understand those proceedings have now been disposed of, but that during the accounting before the master, another attachment was served upon the defendant Simpson as garnishee of J. Harry Lyons. This attachment is still undetermined. Payment under the decree of the court below should, therefore, not be required until the attachment now pending is determined or until the defendant Simpson is properly protected against any liability thereunder by a satisfactory bond of indemnity.

The assignments of error are sustained in so far as they relate to the action of the court below in charging the defendant with the sum of $5,471.19 for the disputed Duncan & Company debt, and with interest upon that amount in the further sum of $1,066.87. These amounts aggregating $6,538.06 should be deducted from the amount of the decree as entered by the court below. This will reduce the amount of the finding to $28,486.63.

As thus modified the decree is affirmed, and this appeal is dismissed at the cost of the appellee, Elizabeth J. Lyons.

OPINION BY MR. JUSTICE POTTER, October 16, 1903:

Upon a motion for a re-argument in this case, our attention has been called to the fact that the amount found by the master does not include the share due to the plaintiff, of the dividends received by Mr. Simpson for the firm from the receiver in bankruptcy of Duncan & Company. The order of affirmance is therefore modified by referring the ascertainment of this amount to the court below with leave to alter the amount of the decree to that extent. With this modification, the motion for reargument is refused.