## Dilworth *v.* Kennedy, Appellant.

*Equity—Equity practice—Findings of fact—Review.*

The appellate court will not review findings of fact in an equity suit, except in so far as may be necessary to ascertain if there was evidence to warrant them, and such findings, if based on sufficient evidence, will not be reversed, except for manifest error.

In an equity suit for an accounting under an alleged partnership agreement where the plaintiff testifies as to the existence of the partnership agreement, and he is corroborated to a certain extent by the testimony of two other witnesses, and in a measure by the circumstances attending the transaction, a finding of fact by the court that the partnership agreement existed, will not be reversed by the appellate court.

Argued Nov. 6, 1901. Appeal, No. 142, Oct. T., 1901, by defendant, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 574, on bill in equity in case of DeWitt Dilworth v. Arthur Kennedy and Francis J. Torrance. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an account and an alleged partnership agreement.

McClung, J., found the facts to be as follows :

1. (*a*) The plaintiff and Arthur Kennedy, one of defendants, were associated together in the building, reconstruction and operating of certain electric railways in the state of Indiana, which were finally consolidated under the name of the Indiana Railway Company. Kennedy conducting the business in his own name—the arrangement between these parties being that Dilworth was to have a one-sixth interest in the profits of the undertaking payable in stock of the consolidated company.

2. Francis J. Torrance, the other defendant, was not a party to any agreement with Dilworth and did not know of Dilworth's agreement with Kennedy. He simply aided Kennedy in raising funds and received his stock under an agreement which Kennedy had authority to make.

3. (*b*) Upon the completion of the undertaking, January 1, 1901, Kennedy had in his hands 11,000 shares of the stock of

the Indiana Railway Company of the par value of $50.00 per share on which he had paid $12.50 as of said date. This stock, subject to the payment of said $12.50 per share, represents the profits of the undertaking which were to be divided between Dilworth and Kennedy—one sixth to Dilworth and five sixths to Kennedy. The court subsequently entered a decree dismissing the bill as to Torrance and requiring Kennedy to account.

*Error assigned* was the decree of the court.

*Walter Lyon*, with him *Charles H. McKee* and *H. Walton Mitchell*, for appellants.

*Samuel McClay*, with him *Knox & Reed* and *George H. Calvert*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 6, 1902:

The assignments of error in this case cannot be sustained without disturbing the findings of fact, of the court below. It is well settled that we will not review findings of fact, except in so far as may be necessary to ascertain if there was evidence to warrant them: Hancock v. Melloy, 187 Pa. 371. And that in considering a specification of error which calls in question a finding of fact by the court, we must not lose sight of the familiar principle applicable to the report of a master or to the verdict of a jury: Com. ex rel. v. Stevens, 178 Pa. 543.

The court below found as a fact that there was an agreement between the plaintiff and the defendant Kennedy, for the purchase and reconstruction by them of certain electric railway lines in the state of Indiana. And that the interest of the plaintiff in the project was the one-sixth part of the stock of the company which should be found remaining in the hands of the defendant Kennedy, as the profits of the transaction. And that for the ascertainment of this interest the plaintiff was entitled to an account.

We cannot say that the court was mistaken in these findings. The evidence is somewhat meager as to the details of the partnership, and it is conflicting; but there is testimony upon the part of the plaintiff tending to support the allegation of the

bill with regard to the existence of a partnership agreement. He is corroborated to a certain extent by the testimony of two other witnesses; and in a measure by the circumstances attending the transaction. The burden of overcoming a responsive answer does not here rest upon the testimony of the plaintiff alone, as was the case in Mason v. Smith, 200 Pa. 270. The additional evidence was sufficient to satisfy the mind of the court and turn the balance in favor of the plaintiff.

In the argument, counsel for appellant laid great stress upon the disparity between the services rendered, in carrying out the enterprise, by the parties to this controversy, and argued therefrom the inherent improbability of a partnership agreement. However this may be, the question of a partnership was simply one of fact; and that fact has been found against the contention of the appellant, by the court below, upon evidence satisfactory to it. Whatever may have been the difficulties attending the securing of means to purchase and reconstruct the railway system, and however unequally the burdens may have been shared between the plaintiff and defendant, it is apparent that the enterprise was expected in great part to pay for itself in the end, without the permanent investment of any very large amount of money by the promoters. At all events, the claim of the plaintiff is only for a proportionate share in the profits, after the deduction of all advances, and expenses and other proper allowances for the conduct of the partnership enterprise. Just what these were, and the net result of the transaction, will appear at the accounting which has been awarded.

The assignments of error are all overruled, and the decree is affirmed, and the appeal is dismissed at the cost of the appellant.