## Hunter, Appellant, *v.* Bilheimer.

*Equity—Interpleader bill—Findings of fact—Trial by jury.*

Where an issue of fact as to the existence of a trust raised by an interpleader bill is tried by a jury, and the chancellor treats the verdict as merely advisory, but after consideration of the evidence approves and confirms it, and the record shows that the case turns largely upon the credibility of the witnesses, the appellate court, in the absence of manifest error, will not reverse the decree based on the verdict.

Argued Jan. 16, 1903. Appeal, No. 67, Jan. T. 1903, by

622, (1903).]    Statement of Facts—Opinion of the Court.

plaintiff, from decree of C. P. Luzerne Co., Dec. T., 1897, No. 7, on bill in equity in case of William P. Hunter, Administrator of Charles Bilheimer, Deceased, v. Sarah Bilheimer, Administratrix of Edwin Bilheimer, Deceased.  Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ.  Affirmed.

Bill in equity for interpleader.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*William S. McLean,* with him *William R. Gibbons* and *George R. McLean,* for appellant.

*John McGahren,* with him *John M. Carr,* for appellee.

OPINION BY W. D. PORTER, J., May 4, 1903:

Edwin Bilheimer had at various times during the period beginning April 30, 1885, deposited in his own name in the Hazleton Savings Bank small sums of money and drawn checks against said account.   The balance due him upon the account on April 16, 1891, was $600; the bank then ceased to do business, the account was closed and the balance was transferred to a new account in the name of the same depositor on the books of the Hazleton National Bank.   Edwin Bilheimer, on April 17, 1891, deposited in this account in the Hazleton National Bank the sum of $400.   He issued checks upon the account from time to time, and when he died, on October 14, 1893, there was a balance due him of $750.   The plaintiff in this issue was duly appointed his administratrix.   The appellant claimed the balance due upon this bank account as the property of Charles Bilheimer, deceased, alleging that the money had been the property of said Charles and had been deposited by his son Edwin in his own name, under an arrangement between them that the account should be kept in this manner for the convenience of the father, who was an invalid and helpless.   The bank having filed a bill in equity, setting forth these conflicting claims, the contending claimants

voluntarily became parties to the interpleader proceeding to determine their rights under the bill. By agreement an issue was framed for a jury trial to determine two question: "1. Was the $750 in the Hazleton National Bank on the 1st day of August, 1893, deposited in the name of Edwin Bilheimer, the property of Edwin Bilheimer?" "2 Was the $750 in the Hazleton National Band on the 1st day of August, 1893, deposited in the name of Edwin Bilheimer, the property of Charles Bilheimer?" A jury after a trial, under rulings by the court of which the appellant does not complain, found that the deposit was the property of Edwin Bilheimer, and not that of Charles Bilheimer. The learned judge of the court below treated this verdict as merely advisory, but, after consideration of the evidence, approved and confirmed it and decreed that the deposit was the property of the estate of Edwin Bilheimer, deceased, and that it be paid by the bank to his administratrix.

The appellant, in attempting to establish a trust as to this fund in the hands of Edwin Bilheimer in favor of Charles Bilheimer, relied wholly upon oral evidence. The existence of such a trust was primarily one of fact. The credibility of the witnesses, by whose testimony it was sought to establish the fact, was for the court below. The findings of fact by the court below, when the credibility of witnesses is an element involved, will not be set aside upon appeal unless there be manifest error: Mackintyre v. Jones, 9 Pa. Superior Ct. 543; Commonwealth ex rel. v. Stevens et al., 178 Pa. 543; Hancock v. Melloy, 187 Pa. 371. The appellee had a prima facie right to the fund. The burden was upon the appellant to establish the existence of the trust. He sought to do this by the oral testimony of witnesses, who in the first instance were not believed by a jury, and were finally disbelieved by the chancellor. In view of the manner in which the parties had dealt with the fund during a long period, the character and substance of the oral evidence, and the circumstances under which the witnesses testified, we are not prepared to say that the conclusion reached was manifestly erroneous.

The decree of the court below is affirmed, and the appeal dismissed at the costs of the appellant.