## Lyons, Appellant, *v.* Lyons.

|  |  |
|---|---|
| 207 | 13 |
| e209 | 142 |
| 207 | 13 |
| 34 SC | 97 |
| 207 | 13 |
| f221 | 569 |

*Equity—Master's findings of fact—Partnership—Good will.*

A master's findings of fact based upon sufficient evidence and confirmed by the court below to the effect that the good will of a partnership was valueless after dissolution, will not be reversed by the Supreme Court.

Argued March 26, 1903. Appeal, No. 69, Jan. T., 1903, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 498, dismissing exceptions to master's report in case of Elizabeth J. Lyons v. J. Harry Lyons and Samuel Simpson. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an account. See Lyons v. Lyons, appellant, supra.

The case was referred to Benjamin Daniels, Esq., as master to state an account.

Upon the question as to the value of the good will of the business, the master reported as follows:

Your master cannot see in this particular case how, under the facts, there can be any good will, or, if there was any good will of this business, any value in it. The partner leaving takes with her the practical man who had built the business up, and starts in the same line of business immediately within a few doors of the old place of business, sells to all the trade and nearly all the customers of the old firm, and especially to one of, if not their largest customer, George Baum & Son, and makes at least $12,000 the first year. Surely, this is not a case where there is any good will, or if any good will any value attached thereto. The gentlemen who were called as experts for plaintiff were not versed in or had any knowledge of this goat skin business. Your master does not consider there is any merit in this claim, and refuses to allow it.

Exceptions to the master's report were dismissed by court.

*Errors assigned* were in dismissing plaintiff's exceptions to master's report.

*George L. Crawford,* for appellant.—The good will of a commercial trading partnership is a part of the assets of which the active partner in possession is bound by an implied trust to make available on dissolution for the payment of debts and the interest of the other partners, although only of intangible or speculative character, and that he is satisfied to continue the business, and sees no reason for incurring the risk consequent on a sale, is no answer to his duty to make it produce as much as he can by sale or otherwise : Holden v. McMakin, 1 Parsons' Sel. Eq. Cases, 270, 276, 286 ; Bell v. Ellis, 33 Cal. 620 ; Sheppard v. Boggs, 9 Neb. 257 ; Wallingford v. Burr, 17 Neb. 137 ; Mitchell v. Read, 84 N. Y. 556 ; Snyder Mfg. Co. v. Snyder, 54 Ohio, 86 (43 N. E. Repr. 325) ; Lindley on Partnership, *446 ; Bank v. Gibson, 34 Beav. 566 ; Levy v. Walker, L. R. 10 Ch. D. 436.

If a partner has himself obtained the benefit of the good will, he can be compelled to account for its value, i. e., for what it would have sold for, he being himself at liberty to compete in business with the purchaser : Lindley on Partnership, 443 ; Smith v. Everett, 27 Beav. 446 ; Cook v. Collingridge, 27 Beav. 456 ; Mellersh v. Keen, 27 Beav. 236.

*Emil Rosenberger* and *John G. Johnson,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 9, 1903 :

The first question raised by the assignments of error in this appeal relates to the refusal of the court below to charge the defendant with the entire indebtedness of the firm of A. L. P. Duncan & Company, to Samuel Simpson & Company, amounting to $21,884.79, with interest. He was charged with one half of this debt, $10,942.39, upon the finding of the master that he had not used due diligence in endeavoring to collect; and $5,142.29, being one half of this sum, with interest thereupon, was awarded to Mrs. Lyons, the appellant in this case.

In Simpson's Appeal from the same decree, we have just filed an opinion, holding that the defendant was not properly chargeable with any portion of this indebtedness. It is therefore unnecessary to discuss the assignments relating to this subject under the present appeal.

The only other question raised by the remaining assign-

ments of error relates to the refusal of the court below to charge the defendant with any amount, as the value of the good will of the business of Samuel Simpson & Company. The master found as a fact that even if there was any good will attached to the business retained by the defendant, it was of no value under the circumstances of this case. This finding of fact has been confirmed by the court below. We may here repeat what was said in Lyons v. Lyons, 199 Pa. 302, with reference to another fact, "there was testimony on which such finding was based, and we have not been convinced that we should reverse it." An appellate court will not review findings of fact except in so far as may be necessary to ascertain if there was evidence to warrant them: Dilworth v. Kennedy, 201 Pa. 388; Wolf v. Christman, 202 Pa. 475.

The assignments of error are overruled and this appeal is dismissed at the cost of the appellant.