## McGraw, Appellant, v. Hilton.

*Arbitration—Reference—Finding of fact—Partnership.*

A referee's finding of fact that partnership funds were not used in buying lands standing in the name of two of the parties, if based upon sufficient evidence, and confirmed by the court below, will not be reversed except for manifest error.

Argued May 11, 1908. Appeal, No. 60, Jan. T., 1908, by

plaintiff, from order of C. P. McKean Co., June T., 1905, No. 2, dismissing exceptions to referee's report in case of James H. McGraw v. Robert W. Hilton et al. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to report of F. P. Schoonmaker, Esq., referee. The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to report of referee.

*T. F. Mullin,* of *Mullin & Mullin,* for appellant.

*E. R. Mayo & Son,* with them *J. E. Mullin,* for appellees.

PER CURIAM, May 25, 1908:

The bill in this case was by a partner for an account. His right to an account was conceded, and an account of the general business of the partnership was stated by the referee to which no exception was taken by the parties. The single matter in controversy was whether the plaintiff was entitled to an account for the profits resulting from the purchase of a tract of timber by two of his partners in their own names.

It was alleged in the bill that the timber was bought for the use of the partnership and paid for by the use of its funds. It was denied in the answer that the partnership had any interest in the purchase and that any of its funds were used in payment. There was conflicting evidence on this subject and the findings of the referee, approved by the court, were all against the plaintiff's contention. The established rule is that findings of fact from conflicting testimony will not be disturbed except for manifest error. We review such findings only to ascertain whether there was evidence which, if believed, warranted them: Steinmeyer v. Siebert, 190 Pa. 471; Lyons v. Lyons, 207 Pa. 13.

The decree is affirmed at the cost of the appellant.