## Marchiafava Estate

6

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Richard C. Bond, Jr., Dechert, Price & Rhoads*, for preliminary objections.

*David Wachtel,* and *William Slom,* contra.

KLEIN, P. J., December 12, 1963. — Joan Marchiafava is a minor, 11 years old. On February 25, 1961, she was struck by an automobile. Suit was instituted by her parents, in her behalf, against Stephen Maltese, the owner and operator of the automobile involved in the accident in the Court of Common Pleas No. 2, March term, 1961, no. 3551.

On January 24, 1963, an order was signed by Waters, J., approving settlement of the matter for $8,500. After directing payment of hospital and medical bills, claims of creditors and counsel fees, the balance of $4,102.82 was awarded to a "Guardian for the estate of the minor plaintiff, to be appointed by the Orphans'

Court of Philadelphia County." The order was made "without prejudice to the Commonwealth's right to proceed hereafter against said Guardian on account of its claims."

On February 21, 1963, by decree of Burke, J., Frederick D. Sarkis was appointed guardian of the minor's estate.

On April 25, 1963, a petition was filed in this court by the Department of Public Welfare, Commonwealth of Pennsylvania, in which it is alleged, inter alia, that:

"3. Your petitioner is a party in interest in that pursuant to the Public Assistance Act of June 24, 1937, P. L. 2051, its supplements and amendments, the Commonwealth of Pennsylvania, through the Department of Public Welfare, from February of 1961 to January of 1963, inclusive, paid for the benefit of Joan Marchiafava, as Aid to Dependent Children, the sum of $818.35, at the times and in the amounts as shown in Exhibit 'A' hereto annexed and made a part hereof."

Attached to the petition, is the following statement:

| "2/2/61-11/2/61 | 19 checks | @ 69.20 |
| 11/17/61-2/16/62 | 7 checks | @ 69.20 |
| 3/2/62-3/17/62 | 2 checks | @ 70.20 |
| 4/4/62-9/19/62 | 12 checks | @ 70.20 |
| 10/3/62-1/4/63 | 7 checks | @ 70.20 |

$3,273.40  ¼ - $818.35

Claim of Department of Public Welfare $818.35"

A citation, based upon this petition, was issued to the guardian, to show cause why "the Department of Public Welfare, Commonwealth of Pennsylvania should not be paid its claim of $818.35 for assistance granted to the minor."

Preliminary objections were filed by the guardian which raised two questions: First, the jurisdiction of the Orphans' Court over the subject matter of the

claim; and second, the sufficiency of Commonwealth's petition for citation.

### Jurisdiction of the Orphans' Court

The principal thrust of the preliminary objections, with respect to the court's jurisdiction, appears to be that: (1.) The guardian is entitled to a trial by jury to pass upon the claim of the Commonwealth for money alleged to have been advanced for the minor's support; and (2.) such a trial cannot be had in the orphans' court, consequently the suit must be instituted in another court.

In support of his position the guardian relies upon article 1, sec. 6, of the Constitution of Pennsylvania, which provides that: "Trial by jury shall be as heretofore, and the right thereof shall remain inviolate." He cites William Goldman Theatres, Inc. v. Dana, 405 Pa. 83 (1961), in which the Supreme Court stated that the purpose of this section of the Constitution is to entitle a person to a trial by jury in every situation in which he would have been entitled at the time of the adoption of the State's first constitution in 1790.*

We are all of one mind that this contention is completely devoid of merit. Although counsel for the guardian cavalierly states that his client would have been entitled to a trial by jury to pass upon the merits of the Commonwealth's claim, he furnishes no reliable support for his contention. He would have us, relying upon his unsupported statement, destroy a juridical system which has been functioning effectively and satisfactorily for countless years.

The two cases which counsel for the guardian depends upon are clearly inapposite as they have no

---

* For a scholarly exposition of the history of the development of article 1, sec. 6 of the State Constitution since 1776, see President Judge Keller's opinion in Commonwealth v. Kramer, 146 Pa. Superior Ct. 91 (1941).

reference, directly or indirectly, to the administration of the estates of a minor by a guardian duly appointed by the Orphans' Court. In Keller v. Commonwealth, 71 Pa. 413 (1872), the suit was by a grandfather against his son-in-law for maintenance of his children, and in In re Henning, 53 Montg. 207 (1937), the claim was by the Commonwealth against a parent for support of an incompetent daughter who was a patient in a State hospital.

The orphans' court has existed as part of our judicial system since earliest colonial days. What is now Pennsylvania was granted to William Penn by Charles II in 1682. The next year, in 1683, the first orphans' court was created by an act of the province of Pennsylvania, which provided:

"That the justices of each respective county court, shall sitt twice every year, to inspect and take Care of the Estates, usage, and Employment of Orphans, which shall be called The Orphans' Court, and sitt the first third day of ye week, in the first and eighth month yearly; That Care may be taken for those that are not able to take care of themselves."

The orphans' court, as a part of our court system, was continued in the Constitution of 1776, and in each of Pennsylvania's subsequent constitutions.

From its inception to the present time, the orphans' court, in the exercise of its limited jurisdiction, has applied the rules and principles of equity: Guier v. Kelly, 2 Binney 294 (1810) ; Brinker v. Brinker, 7 Pa. 53 (1847) ; Willard's Appeal, 65 Pa. 265 (1870) ; Mains' Estate, 322 Pa. 243 (1936) ; Freihofer Estate, 405 Pa. 165 (1961). The orphans' court has the power of a court of chancery to reach the consciences of parties, guardians, sureties and every one else having knowledge of the accounts and doings of a guardian: Commonwealth to the use of Raser v. Raser, 62 Pa. 436 (1839).

Article 1, sec. 6 of the Pennsylvania Constitution, providing that the jury trial shall remain inviolate, does not take away the jurisdiction of equity, since the right to a trial by jury did not exist in cases within the jurisdiction of courts of equity: Henry, Equity Jurisprudence & Practice in Pa., p. 15. "The modes of seeking and granting relief in equity are also different from those of Courts of Common Law. The latter proceed to the trial of contested facts by means of a jury; . . . But Courts of Equity try causes without a jury; . . .": Story's Equity Jurisprudence (14 Ed.) vol. 1, §31, p. 27. In an equity suit the granting of an issue is a matter of discretion with the chancellor. This course is only adopted to inform his conscience, and if he is not satisfied with the finding of the jury he may disregard it. Since recourse to trial by jury is solely for the benefit of the chancellor, if he can, to his own satisfaction, pass upon the evidence without the assistance of a jury trial, he may do so. The right of trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction: Canavan v. Paye, 34 Pa. Superior Ct. 91 (1907).

For a general discussion of when a jury trial can be demanded in the orphans' court, see Snyder Estate, 368 Pa. 393 (1951), in which the refusal to grant a jury trial to the executrix who resisted a claim made against the estate was affirmed on appeal by the Supreme Court which held that a jury trial was solely for the discretion of the orphans' court and not a matter of right. See also In re Philip Duerr, 25 Dist. R. 406 (1916), in which the court held that the Act of June 1, 1915, P. L. 661, providing an equitable proceeding for the collection by the Commonwealth of claims for the maintenance of lunatics, is not in conflict with article 1, sec. 6 of the Constitution, as impairing the right of trial by jury.

Today, as in the past, the orphans' court has exclusive jurisdiction of the administration and distribution of the real and personal property of minors' estates. See section 301(4) of the Orphans' Court Act of 1951. When a guardian is appointed for the estate of a minor, be becomes an officer of the orphans' court and the minor becomes its ward. The minor's estate is immediately in *custodia legis.*

It is well settled that an action cannot be brought in the court of common pleas against a guardian to charge the estate of the minor for claims for the minor's maintenance. In Johnstone v. Fritz, 159 Pa. 378 (1893), the Supreme Court, of its own motion, took notice of the exclusiveness of the orphans' court's jurisdiction in this area. See also Call v. Ward, 4 W. & S. 118 (1842); Hale v. Capp, 10 Dist. R. 285 (1901).

Even if we assume, for the sake of argument, and for this purpose only, that the guardian is entitled to a jury trial, there still would be no merit to his contention.

Formerly, jury trials were not conducted in the orphans' court. Whenever it was determined that a question of fact should be submitted to a jury, either because it was mandatory under the law, or because the court deemed it expedient in the exercise of its discretion, an issue would be sent to the court of common pleas for trial by jury. This practice was changed by the Act of July 1, 1937, P. L. 2665, which amended section 21 of the Orphans' Court Act of June 7, 1917, P. L. 363, and provided that instead of sending an issue to the court of common pleas for the trial of facts by a jury, ". . . the orphans' court, or a judge thereof, may, in its or his discretion, draw a jury, and a judge of said court shall preside at the trial of said issue . . ."

This provision is now found in section 745(c) of the Orphans' Court Act of August 10, 1951, P. L. 1163,

amended by the Act of July 14, 1961, P. L. 610, which provides:

"Will Contest and Other Matters. When a contest shall arise concerning the validity of a writing alleged to be testamentary or concerning any matter other than as provided in subsection (a) and (b)* of this section, the court, in its discretion at any stage of the proceedings, may impanel a jury to decide any question of fact but the verdict of the jury shall be advisory only."

It is therefore clear that the orphans' court has complete authority to dispose of all issues of fact arising in the course of any proceeding properly before it, with or without the assistance of a jury, and issues need no longer be sent to a law court for determination. Even if the guardian is entitled to a trial by jury to pass upon the merits of the Commonwealth's claim, and we must observe that this is extremely doubtful, this court would not be divested of its jurisdiction.

In any event, the guardian's effort to secure a jury trial is premature. The sole function of a trial by jury is to decide questions of fact. The pleadings in this matter may disclose that there is no factual dispute, in which event the question for the court would be one of law only. If questions of fact do develop, the guardian may request a jury trial in accordance with the provisions of subsection (d) of section 745 of the Orphans' Court Act of 1951, as amended, which provides:

"Waiver of Right. A person desiring a trial by jury shall make demand therefor, in writing, at least ten days prior to the initial hearing before the court, or, if the initial hearing is dispensed with as provided in

---

* Subsection (a) deals with Title to Property and subsection (b) with Determination of Incompetency, in which cases trial by jury may be a matter of right.

section 746 (a.1), then at least ten days prior to the trial. The right to trial by jury is waived if such demand is not so made . . ."

Although, as has already been indicated, it is not likely that such a request will be granted, we will cross that bridge when we come to it.

The preliminary objection relating to the jurisdiction of the orphans' court over the subject matter of the Commonwealth's claims against the guardian is accordingly dismissed.

### Sufficiency of Commonwealth's Petition

In paragraph 6 of the preliminary objection the guardian alleges that:

"6. The 'Petition for Citation to Pay Claim' should be dismissed because it is insufficiently specific in that it fails to set forth:

"(a) the exact dates the alleged payments were made,

"(b) the identity or identities of the person or persons to whom the alleged payments were made,

"(c) why and at whose behest the alleged payments were made, and

"(d) how, by whom and to whom, the alleged payments were used for the benefit of Joan Marchiafava, a minor."

We think these objections are well founded.

Pennsylvania Supreme Court Orphans' Court Rules, section 3, rule 4(a) (3), provide that a petition in the orphans' court shall set forth "a concise statement of the facts relied upon to justify the relief desired, . . ."

The statement of the cause of action must indicate with accuracy and completeness the ground on which recovery is sought and must set forth the basis upon which the claim is founded with sufficient detailed information to inform the respondent of the precise charge he is called upon to answer. See Davis Estate, 12 Phila. 128 (1878). See also Shaffer's Estate, 332 Pa.

225 (1938); Miller Estate, 25 D. & C. 2d 617 (1961). We agree with respondent that the Commonwealth's petition is defective in many respects. It fails to state the exact dates upon which the alleged payments were made or to whom they were made. It also fails to indicate why the payments were made, and how and to what extent they were used for the benefit of the minor. The guardian, being in a fiduciary capacity, is entitled to the fullest information concerning the nature of the claim and the circumstances surrounding the alleged payments. It is obviously impossible for the guardian to make an intelligent answer to the vague allegations in the petition in which one-fourth of the payments made to someone, who is unnamed, is being claimed from the minor's estate without in any manner indicating the extent to which the fund was used for the minor's benefit.

We, therefore, enter the following

### Decree

And now, December 12, 1963, the preliminary objections challenging the jurisdiction of the orphans' court are dismissed; and the preliminary objections with respect to the sufficiency of the Commonwealth's petition are sustained.

Leave is granted to the Commonwealth of Pennsylvaina to file an amended petition within 30 days of the date of this decree.