Shaffer's Estate.

Submitted October 4, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph W. Nelson* and *Philip E. Hamilton,* for appellants.

*Thompson Bradshaw,* of *Bradshaw, McCreary & Reed,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, December 5, 1938:

The court below held the petition filed by two of the sons of Peter Shaffer, deceased, insufficient to warrant the grant of an issue to test the validity of his will; from the order made the two sons appeal.

There were two petitions for the issue. The court quashed the first one presented, for insufficiency, and an amended one was filed, which is the one before us. It alleges that, at the time of the execution of the purported will, which was by mark, the physical and mental condition of the testator, who was very old, was greatly impaired by sickness and infirmities, by reason of which he was not capable of disposing of his estate; and that the will was procured by undue influence, contrivance and misrepresentation practiced upon the decedent by Albert W. Shaffer and Roy A. Shaffer, his other two sons, who occupied a confidential relation to him, and by others whom the petitioners are unable to name. It is stated as the basis of the confidential relation that Albert W. was a business partner of his father and Roy A. the bookkeeper of the business. It was set out that the will was not written on its date, October 21, 1931, and not until 1936, and not by the direction and authority of the deceased. The petitioners aver, and state that they expect to be able to prove, that decedent did not execute the will as his last will and testament, and took no part in its composition or writing, and that the signatures thereon, purporting to be those of the attesting witnesses, were not written in the presence of the testator, nor at his request, and that he knew nothing concerning the writing of the will, or its alleged execution by him, or that it had been attested by the witnesses.

In their brief, appellants state they drop from consideration the question of deceased's mentality. No argument is submitted on the matter of undue influence.

They urge the sufficiency of their petition solely on the averments that the testator did not execute the will as his last will and testament, and took no part in its composition or writing, and that the signatures of the attesting witnesses were not written in the presence of the testator or at his request, and that he knew nothing of the will or its execution.

The court had before it the record of the probate of the will by the register, showing the affidavit of subscribing witnesses, that they were present, and saw the testator sign the will, by making his mark, that they heard him publish and declare the same to be his will, and that they signed the same as witnesses at his request. The court from the record saw that the appeal from the probate was thirteen months thereafter, showing that the dissatisfied contestants had ample time to ascertain facts disproving the authenticity of the document, if such facts were available. Under these circumstances, we think the court below was justified in its conclusion that the general averments of the petition were not sufficient to warrant the grant of an issue under its rule, which provides: "In all appeals from the register of wills, the appellant shall set forth in his petition for the allowance of the appeal a brief statement of the proceedings in the case *and the facts and circumstances on which he relies.*" (Italics ours.)

Order affirmed at appellants' cost.