## Thompson's Estate

*Lawrence C. Hickman,* for petitioner.
*Charles D. Fagles,* for respondent.

LADNER, J., February 17, 1939.—The confused state of the record leaves much to be desired. Here we have a petition and a citation allowed thereon sur appeal from the register. To this petition the respondent executor files an answer on the merits. But on behalf of Lillian Elizabeth Smith, residuary legatee and principal beneficiary, is filed a paper entitled "Preliminary objections by respondent under [Orphans' Court] Rule 15(*b*) and [Pennsylvania] Equity Rule 48 to petition for citation." Perusing it we find it is more than answer raising preliminary objections. It contains an answer on the merits of the part of the petition charging lack of testamentary capacity and "preliminary objections" to the part charging undue influence. We do not regard this hybrid as a proper pleading.

It has been held that a defendant in equity proceedings cannot at the same time file an answer on the merits and an answer raising preliminary objections: Pittsburgh Foundry & Machine Co. v. W. E. Moore & Co., 78 Pitts. 622. We regard it to be equally bad practice to incorporate both in one answer.

The confusion of the record is further increased by counsel for petitioner filing another document which is entitled "Answer of petitioner, Blanche Thompson, to preliminary objections filed by the respondent, Lillian Elizabeth Smith." Upon reading it we discovered it to be preliminary objections to respondent's preliminary

objections. We find no warrant for such a pleading. True, Equity Rule 55 gives a plaintiff the right to file preliminary objections to a defendant's answer, but this obviously means to an answer on the merits, for a demurrer to a demurrer would be an anomaly. A petitioner who believes objections are either not well taken nor within the terms of rule 48 is free to raise that question at the argument on the objections that have been filed without further pleading. If the objections are not ordered down for argument by the person who files them, as required by rule 49, they automatically fail.

To put the record in proper shape we will first strike from the record petitioner's preliminary objections to respondent's preliminary objections. Nevertheless, we have given full consideration to petitioner's brief in support thereof which urges us to dismiss respondent's preliminary objections to the petition on the ground that it raises none of the types of objections specified in Pennsylvania Equity Rule 48. We refuse to dismiss respondent's preliminary objections on this ground because we think they are fairly within clause 5 of Pennsylvania Equity Rule 48, viz., "that the facts are so insufficiently averred . . . that it is impossible . . . to make an adequate answer to plaintiff's claim".

Coming now to respondent's answer raising preliminary objections, we disregard as surplusage so much of the answer as purports to answer the petition on the merits, and proceed to consider only the preliminary objections to the sufficiency of the petition.

In Midland Borough v. Steubenville, etc., et al., 300 Pa. 134, the Supreme Court held [syllabus]:

"In passing on preliminary objections to a bill in equity, the court is confined to the statements appearing in the bill and the determination as to whether they are sufficient to sustain a decree for the relief asked." Orphans' Court Rule 5 (*b*) governing the character of petitions for issues d. v. n. on appeals from register provides:

"In all cases where any party in interest shall take an appeal from a judicial act or decision of the register, the appellant shall promptly present a petition to the court, setting forth what has been done and the facts and circumstances upon which he relies; whereupon, if such facts and circumstances appear to be prima facie sufficient, a citation will be granted on all parties interested (whose names must be set forth in the petition and in the decree) to show cause why the said appeal should not be sustained, and the judicial act or decision complained of set aside."

In the petition before us, the question is whether the averments of undue influence meet the test of particularity required by our rules and practice. The averments in question are the latter part of paragraph six and paragraph seven; reading as follows:

"6. . . . And further that said writing was procured by undue influence, duress and constraint, practiced upon the said decedent by Lillian Elizabeth Smith, named in said writing as sole legatee, and by other persons whom your petitioner is at present unable to name. .

"7. In support of the facts alleged in the preceding paragraph your petitioner states the following facts: At the time the alleged will was signed, to wit, September 4, 1936, and for a long time previous thereto, the said Thomas M. Thompson was suffering from an incurable disease, the nature of which beclouded his mind and made it impossible for him to mentally execute a legal document, and that while said condition existed the said above referred to Lillian Elizabeth Smith, well knowing his mental condition, unduly influenced and brought pressure to bear upon his enfeebled mental condition whereby he made her the sole legatee of his entire estate notwithstanding the fact that he had a wife and six children living."

Is this sufficient? We think it is. In How's Estate, 21 Dist. R. 493, Judge Anderson of this court, in commenting on the then rule noted to be substantially identi-

cal with our present rule 5 (*b*), said: "It must be borne in mind that, after all, a petition is but a pleading and not a statement of all the evidence in the possession of the petitioner"; and in Fazekas' Estate, 22 D. & C. 726, it was more recently observed that "It [petition] need not contain a summary of the evidence." We point out also that since Keen's Estate, 299 Pa. 430, 440, has now definitely established the procedure on the hearing of appeals from probate to be, that it is sufficient for the proponents in the first instance to offer the register's record and thereby shift the burden of proof to the contestants, the proponent now has the advantage of requiring the contestant's evidence to be fully developed before he is called upon to introduce evidence to meet it.

Of course, where a petition charges misrepresentation and fraud a greater degree of particularity is required than where lack of testamentary capacity or undue influence are pleaded. This for the reason given in Kuntz's Estate, 17 Dist. R. 1056, viz., that fraud is a conclusion of law from facts and the facts from which the court is asked to conclude that a fraud was perpetrated must necessarily be set forth. Kris' Estate, 29 Dist. R. 447, cited by counsel for the objections does not in the report of the case disclose the nature of the allegations of the petition held to be insufficient, but an examination of the original record discloses the petition charged fraud and misrepresentations and was found faulty for the reasons mentioned in Kuntz's Estate, supra, cited and followed. To the same effect is Shaffer's Estate, 332 Pa. 225 (1938).

Wright's Estate, 20 Phila. 85, 9 Pa. C. C. 235, where an allegation of undue influence was held insufficient, is also readily distinguishable because there the name of the person who was alleged to have exercised the undue influence was omitted.

The preliminary objections are dismissed with leave to counsel for the respondent to file answer on the merits within 15 days, in accordance with Equity Rule 49.