## Hochberger Estate. No. 2

*Harry C. Elsesser, Jr.,* of *Markowitz & Liverant,* for citation.

*Charles H. Still* and *Herbert B. Cohen,* for respondent.

GROSS, P. J., November 16, 1948.—Norman I. Hochberger, a resident of the City of York, Pa., died on March 8, 1948, and on May 21, 1948, a writing bearing date January 15, 1948, was duly probated as his last will and testament by the Register of Wills of York County, Pa., and letters testamentary thereon were duly granted to William Luria, the executor therein named.

On July 19, 1948, Sadie Hochberger, a legatee under a former will of decedent, dated June 24, 1947, filed her appeal from the decree of the register of wills, pro-

bating the writing first above mentioned as the last will and testament of decedent; and, on August 3, 1948, Sadie Hochberger filed her petition in this court, praying that a citation be directed to all parties in interest as heirs, next of kin, devisees, legatees or executors of the estate of decedent, to show cause why the appeal should not be sustained and the decree of the register set aside and an issue directed to try by jury the following questions of fact:

1. Whether or not at the time of the execution of said writing decedent was a person of sound mind.

2. Whether or not the writing was procured by undue influence, duress and restraint practiced upon decedent by Leo Hochberger, Adolph D. Hochberger, Lena Hochberger and others.

The last named persons were interested as legatees under the probated will from which the appeal was taken.

On August 21, 1948, Leo Hochberger, one of the legatees, and William Luria, the executor, filed identical petitions in this court admitting the facts set forth in paragraphs 1, 2, 3 and 4 of the petition for citation and setting forth, in paragraph 2 thereof, as follows:

"The averments of paragraph 5 of the said petition are denied. The said paragraph 5 sets forth the facts that, at the time of the execution of the aforesaid will, the physical and mental condition of the above decedent were clearly impaired by illness and infirmity and that he was not a person with sound mind capable of disposing, by will, of his estate and that said writing was procured by undue influence, duress and restraint. The before-referred-to averments do not set forth the acts and things done and said with the facts and circumstances of time and place connected therewith and are, therefore, mere conclusions of law without facts upon which to base them, which cannot be answered

by your petitioners, and are insufficient to give the court jurisdiction.

"Wherefore, your respondent respectfully prays that the said petition be dismissed."

Paragraph 5 of the petition for citation reads as follows:

"That your petitioner proposes and expects to be able to prove that at the time of the execution of said writing the physical and mental condition of the decedent were clearly impaired by illness and infirmity, and that he was not a person of sound mind, capable of disposing by will of his estate, and that said writing was procured by undue influence, duress and restraint practiced upon the said decedent by Leo Hochberger, Adolph Hochberger, Lena Hochberger and by other persons whom your petitioner is at present unable to name."

Rule 38 of this court provides as follows:

"In all cases where a party in interest shall take an appeal from a judicial act or decision of the register, the appellant shall promptly present a petition to the court, setting forth what has been done and the facts and circumstances upon which he relies; whereupon, if such facts and circumstances appear to be prima facie sufficient, a citation will be granted on all parties interested (whose names shall be set forth in the petition and in the decree) to show cause why said appeal should not be sustained, and the judicial act or decision complained of set aside."

The above quoted rule of this court is based upon section 10, Rule 1, of the Supreme Court Orphans' Court Rules, which provides that "appeals from the judicial acts or proceedings of the register of wills and the practice and procedure thereon shall be as prescribed by local rules."

We observe that the petition filed for dismissal of the citation might also be construed as an answer on

the merits of the petition for citation and therefore is hybrid in form and not a proper pleading.

Section 3, Rule 1 of the Supreme Court Orphans' Court Rules provides: "Except where otherwise provided by a rule adopted by the Supreme Court or by an Act of Assembly, the pleading and practice (in this court) shall conform to the pleading and practice in equity in the local court of common pleas."

It has been held that a defendant in equity proceedings cannot at the same time file an answer on the merits and an answer raising preliminary objections: Thompson's Estate, 35 D. & C. 6.

We will therefore disregard the petition for dismissal of the citation in so far as it purports to be an answer on the merits of the reasons for the appeal from the probate of the will and consider only the preliminary objections to the sufficiency of the petition for the citation: Thompson's Estate, supra.

The rule of this court, above quoted, is specific in its requirements that the petition by appellant for the citation shall set forth "what has been done and the facts and circumstances upon which he relies; whereupon, if such facts and circumstances appear to be prima facie sufficient, a citation will be granted. . . ."

The averments in paragraph 5 of the petition for the citation are altogether lacking to establish the fact that decedent did not have testamentary capacity at the time of the execution of the probated paper. There are no facts and circumstances recited in this paragraph or in any other part of the petition which would substantiate any suggestion that the mind of testator was impaired or that he was incapable of making a will. Neither is there any allegation of when or how the alleged undue influence was practiced upon testator or under what circumstances it was exercised; neither is there any allegation or facts contained in the petition for the citation which in any manner show that

the mind and will of testator was overcome and subjugated by misrepresentations, overpersuasion or fraudulent conduct on the part of others. There is an entire absence in the petition of any statements from which the court could determine facts and circumstances upon which the charge of undue influence is founded. There are many cases, principally of the lower courts, which support our above conclusions, which we cite as follows:

Thompson's Estate, 35 D. & C. 6; Carty's Estate, 90 Pitts. L. J. 592; Swabe Estate, 8 Wash. 202; Piper Estate, 27 Westmoreland 29; Hintz's Estate, 31 Berks 323; Freeman's Estate, 43 Lack. Jur. 65; Howard's Estate, 45 D. & C. 588; Shaffer's Estate, 332 Pa. 225.

There are several lower court cases, of which Fazekas' Estate, 22 D. & C. 726, is an example, which seem to hold to the contrary, but the weight of authority clearly supports our conclusions.

We do not think that it would be proper to dismiss the petition for the citation because of these preliminary objections, but that appellant should be allowed to amend paragraph 5 thereof, so as to set forth the necessary facts and circumstances required by our local rule of court, and the decisions which we have cited above.

We therefore enter the following

### Decree

And now, to wit, November 16, 1948, we sustain the preliminary objections to the sufficiency of the petition for citation and direct that petitioner amend paragraph 5 of her petition for citation in accordance with this opinion within 15 days from the date hereof and, upon failure to do so, the petition for citation, upon motion, may be dismissed. It is further ordered that proponents shall, within 10 days after the amendments have been filed, take such action thereon as may be required.