## Evans Estate

*Frank J. Gormley,* for exceptants.

*Leroy Long,* for petitioners.

SELECKY, P. J., June 24, 1958.—By agreement of counsel, the court heard argument on two matters in the above-captioned estate: First, upon preliminary objections of the proponents of a will to the petition for citation sur appeal from the probate of said will; second, upon objections to proposed depositions to be taken of the legatees in said will by the opponents of said will.

The intestate heirs of decedent, a brother and two sisters, filed an appeal from the probate of the will dated March 6, 1958, of decedent, who died March 7, 1958, said petition being based generally upon the grounds of "undue influence, duress and constraint practiced upon the said decedent" by the three legatees named in said will. Preliminary objections were filed on behalf of the proponents of the will to the petition for citation alleging two grounds therefor:

1. That the petition for citation does not "set forth specifically and in any degree the facts relied upon by petitioner which indicate that testatrix was of unsound mind and readily subject to undue influence, duress and constraint . . ."

2. That petitioners failed to make the executor named in the will a party and failed to serve a copy upon the executor.

Appellants rightfully point out that nowhere in their petition did they allege that testatrix was of "unsound mind," but they did allege that "the physical and mental condition of the decedent were greatly impaired by sickness and infirmity (the decedent was born on February 27, 1884) . . ."; apparently appellants are not relying upon any general allegation of lack of testamentary capacity, but are relying upon

their allegation of "undue influence, duress, and constraint."

Luzerne County Orphans' Court Rule 2(b), sec. 10, which has been in effect since January 1, 1944, provides, in the case of appeals from the register of wills, that ". . . the appellant shall present his petition, addressed to the Orphans' Court, setting forth the facts and circumstances on which he relies . . ."

This same type of local rule was discussed by the Supreme Court in Shaffer's Estate, 332 Pa. 225, at page 227, where the court stated that pleading general conclusions as to the execution of a will was insufficient:

"Under these circumstances, we think the court below was justified in its conclusion that the general averments of the petition were not sufficient to warrant the grant of an issue under its rule, which provides: 'In all appeals from the register of wills, the appellant shall set forth in his petition . . . the facts and circumstances on which he relies.' "

In the case at bar, paragraph 5 of the petition for citation reads:

"5. That your petitioner believes, and expects to be able to prove that, at the time of execution of said writing, physical and mental condition of the decedent were greatly impaired by sickness and infirmity (the decedent was born on February 27, 1884) ; the said writing was produced by undue influence, duress and constraint practiced upon the said decedent by Viola Ramaviglia, Miriam Slowitsky, and Hannah Gravell, named in said writing as residuary legatees, and by other persons whom your petitioner is at the present time unable to name."

This language is practically identical with that used in the petition in Hochberger Estate (No. 2), 72 D. & C. 454, wherein Judge Gross, of York County, ruled as follows, at page 457:

"The averments in paragraph 5 of the petition for the citation are altogether lacking to establish the fact that decedent did not have testamentary capacity at the time of the execution of the probated paper . . . Neither is there any allegation of when or how the alleged undue influence was practiced upon testator or under what circumstances it was exercised; neither is there any allegation or facts contained in the petition for the citation which in any manner show that the mind and will of testator was overcome and subjugated by misrepresentations, overpersuasion or fraudulent conduct on the part of others. There is an entire absence in the petition of any statements from which the court could determine facts and circumstances upon which the charge of undue influence is founded. There are many cases, principally of the lower courts, which support our above conclusions, which we cite as follows: (citing cases)."

Appellants here cite, in support of their position that their allegations are sufficient, Thompson's Estate, 35 D. & C. 6 (Philadelphia County), but an examination of that case will reveal that there were more facts recited in that petition than in the instant case.

The petition must set forth more than legal conclusions; it must "set forth sufficient facts which, if proved, would establish a 'substantial dispute' ": Pennsylvania Fiduciary Guide, Haskins and Smith, at page 207. Lare Will, 352 Pa. 323, at page 329, sets forth the rules as to when there is a "substantial dispute." The Supreme Court, in Thompson Will, 387 Pa. 82, at page 88, defines the words "undue influence" as "something violative of legal duty," and states, at page 88:

"The word 'influence' does not refer to any and every line of conduct capable of disposing in one's favor a fully and self-directing mind, but to a control acquired over another which virtually destroys his

free agency . . . and . . . operates as a present restraint upon him in the making of the will."

At page 100, the Supreme Court stated:

"Opportunity for undue influence, suspicion and conjecture, do not create or amount to proof of either confidential relationship or undue influence."

And at page 106:

" 'Where there is no evidence that the beneficiary solicited the bequest herself or wrote the will or procured it to be written, or that her advice was sought or taken, the existence of intimate, friendly relations between the testatrix and the beneficiary, such as living with her, nursing her, and managing her business, do not import undue influence or shift the burden of proof (citing cases).' "

In the instant case, the closest that the petition for citation gets to indicating any basis for any undue influence or a confidential relationship between the legatees and decedent is in paragraph 6, where, inter alia, the petition recites "some or all of the named beneficiaries stood in a confidential relation toward the testatrix in that they had continuous access to the purported testatrix . . ." Certainly, a mere allegation of "continuous access" falls far below the standard set above by the Supreme Court. Proof of this fact would not establish a "substantial dispute," so necessary to an appeal from the probate of a will.

Hence, the preliminary objections are well taken, and appellants will be directed to file a more specific petition for citation sur appeal, setting forth "the facts and circumstances" on which they rely, as required by the Luzerne Orphans' Court Rule, cited supra.

We sustain the second preliminary objection and will require appellants to join the executor as a party and to serve a copy of any amended petition upon the executor because "the personal representative is a

necessary party defendant to an appeal from probate. Lowry's Estate, 26 D. & C. 200 (1936) ; Lohr's Estate, 40 Pa. C. C. 159 (1911)": Pennsylvania Fiduciary Guide, Haskins and Smith, at page 201.

Appellants cite the Register of Wills Act which precludes an executor from appealing from a decree refusing probate:

". . . provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it": Register of Wills Act of June 28, 1951, P. L. 638, sec. 208(a), 20 PS §1840.

It may be that a person designated as executor in an instrument may not be allowed to appeal from a refusal to probate the same, but it is clear that an executor should be a party and should be served with a copy of a petition for citation sur appeal from the probate; otherwise, the executor might proceed with his duties, and not be duly warned of the existence of an appeal from the probate of the will he is attempting to administer.

An interesting question is raised by the objections filed to the notice of taking depositions on an oral examination given by appellants, directed to the three legatees in the will, who are charged with having "undue influence" upon the testatrix, which notice indicated that "The subject matter of the depositions will be, as to all witnesses, their contacts with the deceased and with each other, matters which each or any of them discussed with the deceased pertaining to the disposition of the deceased's property, and discussions, conversations and telephone calls made to and with the decedent or with each other concerning the decedent. All of the said topics are relevant to the subject matter involved in this action, and none of them are privileged. The discovery will substantially aid me in determining whether an amended appeal shall be filed,

and, in the trial of this case with respect to the issue of undue influence.

"The deposition will not violate any of the restrictions of Pa. R. C. P. No. 4011."

The notice was dated May 5, 1958, and the proposed oral examination was scheduled for May 10, 1958, only five days later. The legatees obtained an order from this court staying said oral examination, because the persons proposed to be examined filed objections to said examination, in accordance with Pa. R. C. P. 4007($d$)(2), which states:

"The court may by general rule provide: . . . (2) that the filing of objections within ten (10) days after service of a copy of the notice shall stay the proposed examination until the objections are decided."

The Orphans' Court of Luzerne County has not yet exercised its power to prescribe any general rule relating to depositions under the authority of section 3, rule 6, of the Supreme Court Orphans' Court Rules, which provides as follows:

"Rule 6. Depositions, Discovery, and Production of Documents.

"The local Orphans' Court, by general rule or by special order, may prescribe the practice relating to depositions, discovery, and the production of documents. To the extent not provided for by such general rule or special order, the practice relating to such matters shall conform to the practice in the local Court of Common Pleas."

Assuming that the Rules of Civil Procedure are applicable, it appears that appellants are urging their right to take these depositions to the extent given in their notice under the authority of Pa. R. C. P. 4007-($a$), which provides:

". . . Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the sub-

ject matter involved in the action and will substantially aid in the *preparation of the pleadings* or the preparation or trial of the case." (Italics supplied.)

Appellants maintain that they have the right to take the oral depositions of the legatees named in the will, whom they accuse of "undue influence" upon the testatrix, because they need this information "in the preparation of the pleadings," that is, in the preparation of any required amended petition sur citation on appeal. In fact, counsel for appellants urges that this rule of civil procedure would give them the right to go on a "fishing expedition" in order to get all the facts, because of the difficulty in ascertaining the facts in a case such as a will contest. We cannot agree with that interpretation, nor will a reading of the comments in the Goodrich-Amram Procedural Rules Service lead to this construction. Once a will is probated, the opponent must allege his grounds with sufficient particularity, and allege "the facts and circumstances upon which he relies".

It is elementary that appellants must have a prima facie case in order to take the appeal, and not allege mere generalities or legal conclusions, as indicated supra. It is only when they have a prima facie case that they may then seek such additional information or definite facts as may be necessary to particularize their petition. They may not go on a "fishing expedition" in the first instance, to determine whether they have a prima facie case.

Judge Montgomery, of Allegheny County, in Rosenbaum Co. v. Tomlinson, 7 D. & C. 2d 500, at page 502, stated it as follows:

"It is the opinion of this court that Rule 4007 should be given a broad interpretation so as to allow discovery in aid of preparation or trial of a case. However, some limitation should be placed upon the use of discovery

where it appears that the purpose of discovery is not to 'substantially aid' in the preparation of the pleadings or the preparation or trial of the case, but where the purpose is to determine whether or not a cause of action in fact exists. When used for the latter purpose it would appear that the request for oral depositions does not properly fall within the purview of rule 4007."

If appellants can first show a prima facie case, then this rule may assist them in preparing the pleadings, as indicated in Matusow Manufacturing Co. v. Weintraub et al., 86 D. & C. 557, at page 560, where the court indicated:

"The practical convenience of ordering the discovery, which has the elements of an accounting in it, where plaintiff has established a prima facie case without a bill, far outweighs defendant's complaint that plaintiff will get an accounting without establishing a right thereto. Plaintiff has already established such a right prima facie."

Though this 1953 case was prior to the 1954 amendment to Pa. R. C. P. 4007, Goodrich-Amram, on page 123 of its comments, states:

"In this field, the 1954 amendments will make no important change. The original 1951 Rule imposed the condition that the discovery was 'necessary' for the preparation of the pleading. The 1954 amendments impose the condition that the discovery 'substantially aid' in the preparation of the pleading. Is there any difference, in actual practice, between these standards?"

In the instant case, it would appear that appellants have merely recited that they are the intestate heirs of decedent (and apparently disappointed heirs), and that the legatees have used "undue influence" upon the testatrix, generally alleging the ill health of the testatrix, who died the day following the execution of this

instrument, and alleging only "that they (the named legatees) had continuous access to the purported testatrix". If this were sufficient to lay the basis for oral depositions in a will contest, it would open the door to every disappointed heir to file a petition in general terms, or plead only legal conclusions, without giving the necessary "facts and circumstances" to support these, and then go on a "fishing expedition" to determine what are the facts from any named legatee, or any other person, in the guise of obtaining information to "substantially aid in the preparation of the pleadings," after which the disappointed heir could better determine whether, in fact, he has a prima facie case. This court believes that appellants must have a prima facie case in the first instance, and then call upon these rules to assist them in obtaining particular facts, such as "the identity and whereabouts of witnesses," as mentioned in Pa. R. C. P. 4007(a) and "any matter" which "will substantially aid in the preparation of the pleadings . . ." Depositions may only "aid in the preparation of the pleadings," not determine whether pleadings shall be prepared in the first instance.

The proponents of the will point out that, even if these legatees were examined and their oral depositions taken, such depositions would produce incompetent testimony, because the testimony of one of several legatees is inadmissible in support of a claim of lack of testamentary capacity. Appellants in the instant case have ruled out, as a ground, the lack of testamentary capacity, wherein the ordinary rule is "the inadmissibility of the devisees or legatees under a will to affect his co-heirs or co-legatees": Irwin v. West, 81½ Pa. 157, at page 159. This rule does not apply in the instant case, since testamentary capacity is not at issue.

In conformity with this opinion, we enter the following

*Decree*

That the preliminary objections of the proponents of the will to the petition for citation sur appeal are sustained, and appellants are directed to file an amended petition within 15 days of the date of this order, which shall join the executor as a party. Furthermore, the objections of the legatees in the will to oral examinations under Pa. R. C. P. 4007(*d*) are sustained. It is suggested that, if such depositions are proposed to be taken in the future, appellants first file their amended petition pursuant to this decree, or recite sufficient "facts and circumstances," under oath, to establish their prima facie case, so that the court will be in a position to dispose of any objections that may be filed to any notice of proposed oral examinations.