## Miller Estate

*Allen T. Newman* and *Klovsky & Kuby,* for petitioner.

*Benjamin S. Ohrenstein* and *William P. Thorn,* for respondents.

SAYLOR, J., December 29, 1961.—The sole question before us is whether a petition is sufficiently specific to warrant the issuance of a citation to show cause why an appeal from probate should not be sustained.

A niece, claiming as the sole surviving residuary legatee of decedent under a will dated October 28, 1958, states in her petition that at the date of the execution of the probated will of December 11, 1959, decedent was not a person of sound mind and that the will was procured by undue influence.

Respondents filed preliminary objections, claiming that the petition "does not set forth concisely and in any degree a statement of the facts relied upon by the petitioner which indicate that the decedent was a person of unsound mind and readily subject to undue influence, duress and constraint or that the said writing dated December 11, 1959 was procured" thereby.

Rule 4(a) (3) of the Supreme Court Orphans' Court Rules (Rule 34 of the Local Rules of this court) requires that petitions set forth ". . . (3) a concise statement of the facts relied upon to justify the relief desired, . . ."

Dictionary definitions of the word "concise" include "expressing much in few words," or "condensed;" or "brief and comprehensive;" or "succinct."

Petitioner argues that her petition sets forth a "concise statement of the facts" in the following language:

"Your petitioner believes, and expects to be able to prove that, at the time of execution of said writing, the physical and mental condition of the decedent were greatly impaired by sickness and infirmity, and that he was not a person of sound mind, capable of disposing by will of his estate; and further that said writing was procured by undue influence, duress and constraint practiced upon the said decedent by Raymond A. Miller and Lillian Edith Shepherd, named in said writing as legatees and by other persons whom your petitioner is at the present time unable to name."

Respondents contend that these words amount only to legal conclusions and that, although the averments of testamentary incapacity and of the exercise of undue influence are averments of what constitute facts, if true, a more detailed petition is required to enable respondents to answer it properly.

The courts seem to agree with respondents. In Hochberger Estate No. 2, 72 D. & C. 454 (York County, 1948), the court sustained preliminary objections to a petition wherein the averments were substantially the same as in the petition now before us. At page 457, the court, through Gross, J., said:

"There are no facts and circumstances recited in this paragraph or in any other part of the petition which would substantiate any suggestion that the mind of testator was impaired or that he was incapable of making a will . . . There is an entire absence in the petition of any statements from which the court could determine facts and circumstances upon which the charge of undue influence is founded. . . ."

In Carty's Estate, 90 Pitts. L. J. 592 (Allegheny Co., 1941), exceptions to an amended petition were likewise sustained where the averments included a

statement that the will was executed within three or four hours of decedent's death and further that testatrix did not know the objects of her bounty. The court held (page 593) :

"There are no facts or circumstances recited in this paragraph or in any other part of the petition which would substantiate any suggestion that the mind of the testatrix was impaired or that she was incapable of making a will. At most, the allegations are the conclusion of petitioners."

In Evans Estate, 15 D. & C. 2d 619 (Luzerne Co., 1958), the petition set forth that "at the time of execution of the [probated will the] physical and mental condition of the decedent were greatly impaired by sickness and infirmity" and that the writing "was produced by undue influence, duress and constraint practiced upon the . . . decedent" by persons named and persons unnamed. The court said that this language was practically identical with that used in Hochberger Estate No. 2, supra. The court further said that these statements and the recital in the petition that "some or all of the named beneficiaries stood in a confidential relation toward the testatrix in that they had continuous access to the purported testatrix" fell far below the standard set by the Supreme Court and that proof of this fact would not establish a "substantial dispute." The preliminary objections were sustained, and petitioners were directed to file a more specific petition for citation.

Petitioner has cited several cases to support her position.

In How's Estate, 21 Dist. R. 493 (Phila. Co., 1911) this court dismissed exceptions where the petition was found to aver sufficient facts to justify the granting of a citation. But there petitioner averred that decedent was an aged man of weak mind, that the proponent of

the will in whose favor it was made occupied a confidential relation to him and was the actual draftsman of the will.

In Fazekas' Estate, 22 D. & C. 726 (Lackawanna Co., 1934), the language of the petition was no more specific than that before us, but the court dismissed the motion to dismiss the citation on the grounds that the petition informed respondents of the nature and character of the attack they will be obliged to defend and that the petition "need not contain a summary of the evidence."

In view of the weight of authority, these two cases are not controlling. Nor is a third case cited by petitioner (Barbey Estate, 51 Berks 67 (1958) ), where the averments of the petition were found to support the appeal. There, the petition set forth that "the decedent was acting under the influence of an insane delusion or monomania at the time of the execution of the will which was the moving cause of his disposition", etc; that decedent acted under delusions and beliefs set forth in detail; that various named parties "were enabled, through their close personal and confidential relationship with decedent, to influence, foster, abet, amplify and nurture the aforesaid insane delusion and monomania that the decedent entertained with regard to the petitioner . . ."

In Shaffer's Estate, 332 Pa. 225 (1938), the order of the Beaver County court, holding a petition insufficient to warrant the granting of an issue, was affirmed. The local rule provided that " 'In all appeals from the register of wills, the appellant shall set forth in his petition for the allowance of the appeal a brief statement of the proceedings in the case *and the facts and circumstances on which he relies.'* " The Supreme Court affirmed the court below in concluding that the general averments of the petition were not sufficient to warrant the grant of an issue.

The rule of this court, stated above, is not as explicit as that in the Shaffer case. However, it is our interpretation that governs. As was held in Dellacasse v. Floyd, Exrs., 332 Pa. 218 (1938) at page 224:

"The interpretation of rules of court is for the court which enunciates them; when it construes the meaning of its own rule, and there is no abuse of power, the conclusion is final."

We conclude that respondents are entitled to averments more specific than those employed by petitioner. Respondents are entitled to a concise statement; that is, something expressed in a few words, something succinct and brief to be sure, but something that is also comprehensive. A summary of evidence is not required, but mere conclusions are insufficient.

Accordingly, we enter the following

### Decree

And now, to wit, December 29, 1961, the preliminary objections are sustained, and the petition is dismissed, with leave to petitioner to file an amended petition within 20 days from the date hereof.