## Stapleton Estate

Before Klein, Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Kramer, Krimsky and Luterman,* for petitioner.

*Dilworth, Paxson, Kalish, Kohn and Levy,* for respondent.

KLEIN, J., January 31, 1969.—Elmer M. Stapleton, a clergyman, died September 20, 1967. A holographic writing, which appears to have been executed on Jan-

uary 5, 1967, was admitted to probate on September 26, 1967, by the register of wills and letters testamentary were issued to George E. Sadler, the executor designated in the instrument.

On February 14, 1968, an appeal was taken from the decree of the register by Hannah Carney, a legatee. She made no effort to prosecute her appeal, as a result of which the executor filed a petition upon which a citation issued on September 23, 1968, directed to her to show cause why "the Appeal . . . should not be prosecuted within ten days, and upon failure to do so, the appeal be dismissed". Thereupon, on October 11, 1968, a petition was filed by the contestant and a citation was awarded directed to the executor to show cause why his letters should not be revoked.

Preliminary objections were filed by George E. Sadler, the executor-respondent which, in our opinion, are well taken. The petition is seriously defective for at least three basic reasons.

(1) It is well settled that in proceedings challenging the validity of a testamentary writing, it is essential that all persons having an interest in the estate under the Intestate Laws or as legatees must be made parties to the litigation. If this is not done in the petition, it becomes the duty of the court to make certain that they are brought before it by citation: Lowry's Estate, 29 D. & C. 132 (1937). If all of the interested parties are not parties to the contest, it might result in a multiplicity of suits as independent proceedings to set aside the will could be instituted subsequently by the persons omitted: Miller's Estate, 159 Pa. 562 (1894). In the present case only George E. Sadler, the executor who is also a beneficiary, has been cited. The other beneficiaries must be made parties to this litigation.

(2) Petitioner makes the bald statement without explanation that:

"(5) The document contains an interlineation, subsequent to the execution of the Will thereby giving Mr. and Mrs. George Sadler an interest in the estate".

What we said in Conley Estate, 8 Fiduc. Rep. 427 (1958), at page 430, is applicable to the present case:

"The averments in the amended petition are vague and uncertain. They lack the certainty necessary to enable the respondents to make proper answer thereto. They are so broad that the burden of investigating the facts, in the first instance, would be placed upon the proponents, rather than upon the contestant, where it belongs. We do not look with favor upon such pleadings, as it would encourage litigation based upon suspicion and conjecture rather than upon facts. See Rosenthal's Est., 339 Pa. 488".

It is not clear to us what the basis of contestant's complaint is. We assume that she charges that someone fraudulently inserted the line "Mr. and Mrs. George Sadler, 2819 Winchester Ave." at the end of page one of the will, as a result of which they would share in the residue with the other designated residuary legatees. She has, however, not made this clear in her petition. It is petitioner's duty to disclose all of the facts and circumstances surrounding the alleged interlineation, together with the name of the acting party, if known. A bare allegation that the document contains an interlineation will not suffice. See Shaffer's Estate, 332 Pa. 225 (1938); Howard's Estate, 45 D. & C. 588 (1942); Beringo Will, 10 Fiduc. Rep. 656 (1960).

(3) But even if the petition were a model of clear and proper pleading, which obviously it is not, we would nevertheless be compelled to sustain the preliminary objections. Petitioner alleges that the document being challenged contains an interlineation made subsequent to the execution of the will giving George Sadler, the executor, and his wife, an interest in the estate. No charge of fraud or wrongdoing is made

against the executor yet the request was not for a citation challenging the validity of the will or the portion which they claim has been inserted, but to show cause why the letters testamentary issued to the executor should not be revoked. This does not make sense.

Section 331 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320, 331, provides that the "court shall have exclusive power to remove a personal representative when he (1) is wasting or mismanaging the estate, is or is likely to become insolvent, or has failed to perform any duty imposed by law; or, (2) has been adjudged a lunatic, a habitual drunkard, or a weak-minded person; or, (3) has become incompetent to discharge the duties of his office because of sickness or physical or mental incapacity and his incompetency is likely to continue to the injury of the estate; or, (4) has removed from the Commonwealth or has ceased to have a known place of residence therein, without furnishing such security or additional security as the court shall direct; or, (5) when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office".

Petitioner does not allege that George E. Sadler, the executor, has been guilty of any of the infractions enumerated in section 331, supra, which would warrant his removal. What she is doing is attempting to convert an issue devisavit vel non, which is a proceeding in rem, Mangold v. Neuman, 371 Pa. 496, 499, (1952) ; Stewart Estate, 358 Pa. 434 (1948), into an action to remove an executor named by a testator in a testamentary writing which has been admitted to probate. This she cannot do.

Accordingly, we enter the following

### DECREE

An now, January 31, 1969, the preliminary objections are sustained.